1
2
3
4
5
6

**SULAIMAN LAW GROUP, LTD.**
Bobby C. Walker, Esq. (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
Email: bwalker@sulaimanlaw.com
Attorney for Plaintiff

7
8
9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20

DUNCAN B. MOORE,

        Plaintiff,

   v.

CMRE FINANCIAL SERVICES, INC., RADY CHILDREN'S HOSPITAL FOUNDATION - SAN DIEGO, and R.M. GALICIA d/b/a PROGRESSIVE MANAGEMENT SYSTEMS,

        Defendants,

Case No. **'23CV0776 AGS WVG**

**COMPLAINT FOR DAMAGES**

   **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**

   **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**

   **3. BREACH OF CONTRACT**

**DEMAND FOR JURY TRIAL**

21
22
23
24
25
26
27
28

## <u>COMPLAINT</u>

     NOW comes DUNCAN B. MOORE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CMRE FINANCIAL SERVICES, INC. ("CMRE"), RADY CHILDREN'S HOSPITAL FOUNDATION - SAN

DIEGO ("Rady"), and R.M. GALICIA d/b/a PROGRESSIVE MANAGEMENT SYSTEMS ("Progressive") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code § 1788 *et seq*., as well as Breach of Contract ("BOC"), stemming from Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Southern District of California.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age and, at all times relevant, resided in Oceanside, California, within the Southern District of California.

2

5. CMRE is a third-party debt collector "providing collection and A/R management services for the healthcare industry for more than four decades."[1] CMRE collects, or attempts to collect, debts owed or due to others from consumers across the country, including from those in the state of California. CMRE is a corporation organized and existing under the laws of the state of California with its principal place of business located at 3075 East Imperial Highway, Suite 200, Brea, California 92821.

6. Rady is a pediatric medical center located in California that "treats children from birth to 18 years old as well as a small number of adults with certain conditions."[2] Rady is corporation organized and existing under the laws of the state of California with its principal place of business located at 3020 Children's Way MC 5052, San Diego, California 92123.

7. Progressive is a third-party "debt collector"[3] collecting, or attempting to collect, debts owed or due to others from consumers across the country, including from those in the state of California. Defendant is a corporation organized and existing under the laws of the state of California with its principal place of business located at 1521 W. Cameron Avenue, 1st Floor, West Covina, California 91790.

---

[1] http://www.cmrefsi.com/About
[2] https://www.rchsd.org/about-us/
[3] https://pmscollects.accelpayonline.com/

8. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

9. The instant action arises out of Defendants' attempts to collect upon a purported medical debt ("subject consumer debt") that Plaintiff does not owe.

10. The subject consumer debt stems from Plaintiff's past due payments said to be owed in connection with a medical debt from Rady, located in San Diego, California.

11. As a result of CMRE's allegedly improper conduct in relation to its efforts to collect upon the subject consumer debt, Plaintiff eventually filed a Complaint within the Southern District of California against CMRE. *See Duncan Moore v. CMRE Financial Services, Inc.* – Case No. 3:22-cv-01281-CAB-JLB ("underlying matter").

12. The underlying matter was eventually settled, and pursuant to that settlement agreement, which was consummated on or about January 15, 2023, CMRE was required to satisfy, in full and on Plaintiff's behalf, the balance of the subject consumer debt ("underlying settlement").

13. The underlying settlement was and remains a valid contract exchanged for consideration. Specifically, Plaintiff agreed to dismiss the underlying matter, and did so.

14. However, on or about February 22, 2023, Rady incorrectly sent at least one letter to Plaintiff still seeking to collect upon the subject consumer debt from Plaintiff, which Plaintiff no longer owed.

15. On or about February 23, 2023, Rady incorrectly sent letters stating that Plaintiff still has a balance due on the subject consumer debt of $3.312,91.

16. Further, on or about March 7, 2023, Progressive sent a letter to Plaintiff also seeking to collect upon the subject consumer debt.

17. Accordingly, based on information and belief, CMRE failed to fulfill its obligations of the underlying settlement, Rady placed the subject consumer debt with Progressive despite Plaintiff not owing the same, and Progressive sought payment from Plaintiff for the subject consumer debt despite not owing the same.

18. Despite Plaintiff's performance of his obligations in connection with the underlying settlement, CMRE failed to waive and extinguish Plaintiff's obligation in connection with the subject consumer debt in the manner required by the underlying settlement.

19. Frustrated with Defendants' persistent and erroneous conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, money, and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendants' conduct.

21. Plaintiff has suffered concrete harm as a result Defendants' actions including, but not limited to, aggravation that accompanies unwanted collection efforts, denial of his benefit of bargain with CMRE, increased blood pressure, emotional distress,

and numerous violations of his state and federally-protected interests to be free from

harassing, deceptive, and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*PLAINTIFF AGAINST CMRE AND PROGRESSIVE*

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set

forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. CMRE and Progressive are "debt collectors" as defined by § 1692a(6) of the

FDCPA, because they regularly use the mail and/or the telephone to collect, or

attempting to collect, delinquent consumer accounts, owed to others, and is similarly

a business whose principal purpose is the collection of debts.

25. CMRE and Progressive identify themselves as debt collectors and are engaged

in the business of collecting or attempting to collect, directly or indirectly, defaulted

debts owed or due, or asserted to be owed or due, to others.

26. The subject consumer debt is a "debt," as defined by FDCPA § 1692a(5), as

it arises out of a transaction due, or asserted to be owed or due, to another, for

personal, family, or household purposes.

### a.  Violations of FDCPA § 1692d

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from

engaging "in any conduct the natural consequence of which is to harass, oppress, or

abuse any person in connection with the collection of a debt."

28. Progressive violated § 1692d by attempting to collect upon a debt from Plaintiff that Plaintiff does not owe. Such conduct was designed to harass Plaintiff into paying on a debt that Plaintiff does not owe.

**b. Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt**.**

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

31. CMRE violated §§ 1692e and 1692e(10) when it deceptively entered into the underlying settlement agreement with Plaintiff, enticed Plaintiff to dismiss the underlying matter, and then breached the underlying settlement and not perform its obligations under the underlying settlement. Defendant's deceptive conduct was designed to trick Plaintiff out of obtaining the relief he deserved for the alleged conduct that caused CMRE to enter into the underlying settlement with Plaintiff.

32. Progressive violated §§ 1692e, 1692e(2)(A), and 1692e(10) when it attempted to collect upon the subject consumer debt form Plaintiff, which he did not owe. Through such conduct, Progressive communicated its ability to collect upon a debt

from Plaintiff that he did not owe, and further misrepresented the subject consumer debt as a debt that Plaintiff owed despite Plaintiff not owing the same.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. CMRE violated § 1692f when it unfairly entered into the underlying settlement agreement with Plaintiff, enticed Plaintiff to dismiss the underlying matter, and then breached the underlying settlement and not perform its obligations under the underlying settlement. Defendant's unfair conduct was designed to trick Plaintiff out of obtaining the relief he deserved for the alleged conduct that caused CMRE to enter into the underlying settlement with Plaintiff.

35. Further, Progressive violated § 1692f when it unfairly attempted to collect upon a debt from Plaintiff which he did not owe.

WHEREFORE, Plaintiff, DUNCAN B. MOORE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Ordering CMRE to fulfill its obligations under the underlying settlement;

f. Enjoining Progressive from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
*PLAINTIFF AGAINST CMRE, RADY, AND PROGRESSIVE*

36. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code §§ 1788.2(d) and 1788.2(f).

39. Defendants are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 – 1788.17**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17, states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

41. As outlined above, through its unlawful conduct in attempting to collect upon the subject consumer debt, Progressive violated 15 U.S.C. §§ 1692d, 1692e, and

1692f of the FDCPA, therefore also violating Cal. Civ. Code § 1788.17. Progressive employed a series of harassing, deceptive, and unfair means while attempting to collect the subject consumer debt, as outlined above.

42. As outlined above, through its unlawful conduct in attempting to collect upon the subject consumer debt, CMRE violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA, therefore also violating Cal. Civ. Code § 1788.17. CMRE employed a series of deceptive and unfair means while attempting to avoid the consequences of the underlying matter by enticing Plaintiff to dismiss the same and then subsequently not honoring the underlying settlement.

43. Rady failed to comply with 15 U.S.C. §§ 1692d, 1692e, and 1692f, therefore violating Cal. Civ. Code § 1788.17 in the same ways that Progressive did in seeking to collect upon the subject consumer debt from Plaintiff, despite him not owing the same.

44. Defendants willfully and knowingly violated the RFDCPA. Progressive and Rady sent deceptive letters to Plaintiff demanding payment for the subject consumer debt, a debt he did not owe, and CMRE deceptively enticed Plaintiff to dismiss the underlying matter only to not honor the underlying settlement it entered into with Plaintiff. Defendants' willful and knowing violations of the RFDCPA should trigger this Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, DUNCAN B. MOORE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Awarding Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Awarding Plaintiff costs and reasonable attorney fees pursuant to Cal. Civ. Code § 1788.30(c);

e. Ordering CMRE to fulfill its obligations under the underlying settlement;

f. Enjoining Progressive and Rady from further contacting Plaintiff; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT III – BREACH OF CONTRACT
*PLAINTIFF AGAINST CMRE*

37. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

38. To state a claim for breach of contract in California, Plaintiff must establish (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Kumaraperu v. Feldsted*, 237 Cal. App. 4th 60, 63, 187 Cal. Rptr. 3d 583, 585 (2015).

39. The settlement agreement was a valid contract entered into between assenting parties for consideration.

40. CMRE agreed to satisfy the subject consumer debt on behalf of the Plaintiff in exchange for Plaintiff dismissing the underlying matter.

41. Plaintiff performed its obligations under the underlying settlement by dismissing the underlying matter.

42. Despite Plaintiff's performance on the underlying settlement, Defendant failed to honor the underlying settlement by not satisfying the subject consumer debt on behalf of Plaintiff.

43. Plaintiff has been damaged as a result of the breach by way of denial of the benefit of his bargain by way of not having the subject consumer debt satisfied in full, further suffering aggravation from being the subject of collection efforts on a debt he did not owe, and having to endure Defendants' continued harassment which was sought to be avoided through the underlying settlement.

WHEREFORE, Plaintiff, DUNCAN B. MOORE, respectfully requests that this Honorable Court enter judgment in his favor, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned laws;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Ordering CMRE to fulfill its obligations under the underlying settlement; and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: April 27, 2023          Respectfully submitted,

                               /s/Bobby C. Walker
                               Bobby C. Walker, Esq.
                               California Bar No. 321788
                               *Counsel for Plaintiff*
                               Sulaiman Law Group, Ltd
                               2500 S Highland Ave, Suite 200
                               Lombard, IL 60148
                               Telephone: (630) 575-8181 Ext. 149
                               bwalker@sulaimanlaw.com